IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

RICHARD HUNTER,

    Plaintiff,

v.

    CIVIL ACTION NO.: CV206-264

GLYNN COUNTY DETENTION CENTER,
Officer GRIMSLEY; Officer CLARK;
Officer EVERETT, and Sgt. JONES,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at the Glynn County Detention Center in Brunswick, Georgia, filed a complaint pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that pro se pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

AO 72A
(Rev. 8/82)

In <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). <u>Mitchell</u>, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. <u>Hughes v. Rowe</u>, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163, 169-70 (1980); <u>Mitchell</u>, 112 F.3d at 1490. While the court in <u>Mitchell</u> interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff alleges that on October 11, 2006, he was speaking to other inmates at the Glynn County Detention Center. Plaintiff contends that Defendant Grimsley instructed him to "shut up and stop using v[u]lgar language" and that she subsequently had Defendant Jones remove him to solitary confinement because of his "insubordination." (Doc. No. 6, pp. 1-2).

Incarceration certainly does not strip inmates of all constitutional rights, "including free speech rights protected by the First Amendment of the United States Constitution." <u>Pell v. Procunier</u>, 417 U.S. 817, 822, 94 S. Ct. 2800, 2804, 41 L. Ed. 2d 495 (1974). However, confinement does necessitate a "withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." <u>Id.</u> (quoting <u>Price v. Johnston</u>, 334 U.S. 266, 285, 68 S. Ct. 1049, 1060, 92 L. Ed. 1356 (1948)). "To

state a First Amendment claim for retaliation, a prisoner need not allege violation of a separate and distinct constitutional right." Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003) (internal citations omitted). Rather, "[t]he gist of a retaliation claim is that a prisoner is penalized for exercising the right of free speech." Id. A prisoner can establish retaliation by demonstrating that the prison officials' actions were "the result of his having filed a grievance [or lawsuits] concerning the conditions of his imprisonment." Id.

Plaintiff does not contend that Defendants retaliated against him as a result of his having filed grievances or lawsuits on previous occasions. Plaintiff does contend, however, that Defendants retaliated against him for his talking to other inmates. A review of the controlling case law of this Circuit reveals that this contention is not cognizable under section 1983. See Nichols v. Ray, 141 Fed. Appx. 868, 869-70 (11th Cir. 2005) (stating that transfers made in retaliation for an inmate filing grievances violate an inmate's First Amendment rights and right of access to the courts); Wildberger v. Bracknell, 869 F. 2d 1467, 1468 (11th Cir. 1989) (noting that an inmate's discipline was a result of that inmate filing grievances, which was violative of his freedom of speech right under the First Amendment). Plaintiff's claims that Defendants retaliated against him for speaking to another inmate are simply not valid assertions with which to support a First Amendment retaliation claim.

Plaintiff also appears to claim violation of the Eighth Amendment with respect to his placement in solitary confinement. The "cruel and unusual punishment" standard, which originally proscribed barbarous methods of punishment, has evolved to reflect society's "standards of decency." Rhodes v. Chapman, 452 U.S. 337, 345-46, 101 S. Ct. 2392, 2398-2399, 69 L. Ed. 2d 59 (1981); Estelle v. Gamble, 429 U.S. 97, 102, 97 S. Ct. 285,

3

290, 50 L. Ed. 2d 251 (1976). In this context, the Court employs a two-part analysis to determine whether the conditions of confinement violate the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 8, 112 S. Ct. 995, 999, 117 L. Ed. 2d 156 (1992). First, the condition must be objectively and sufficiently serious or extreme to show that it "pose[s] an unreasonable risk of serious damage to [a plaintiff's] future health or safety." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir.2004). Second, the defendant official must have "acted with a sufficiently culpable state of mind." Id. (citing Hudson, 503 U.S. at 8. 112 S. Ct. at 999). Here, Plaintiff does not even suggest that any conditions of his confinement posed any threat to this health or safety, and has thus failed to allege that his treatment was objectively serious or extreme enough to pose an "unreasonable risk of serious damage" to him. Accordingly, Plaintiff fails to state a cognizable Eighth Amendment claim.

## CONCLUSION

It is my **RECOMMENDATION** that Plaintiff's complaint be **DISMISSED**.

SO REPORTED and RECOMMENDED, this 16th day of November, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

4

AO 72A
(Rev. 8/82)